Hearing Date: March 7, 2018 at 10:00 a.m.
Objection Deadline: February 28, 2018 at 4:00 p.m.

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 3394 3rd Avenue LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| LUSKY E. ABHIVA, | Case No. 17-23263 (RDD) |
| *Debtor*. | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that annexed hereto is a true copy of a motion entitled "MOTION OF 3394 3rd AVENUE LLC TO DISMISS CHAPTER 13 CASE PURSUANT TO SECTION 109(e) OF THE BANKRUPTCY CODE " (the "Motion"), which will be heard before the Honorable Robert D. Drain, at the United States Bankruptcy Court for the Southern District of New York, located at 300 Quarropas Street White Plains, NY 10601-4140, on March 7, 2018 at 10:00 AM.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be filed with the Court and served on the undersigned counsel, so as to be received no later

than February 28, 2018 at 4:00 PM (New York).

Dated: January 14, 2018  
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert  
    Gary O. Ravert  
116 West 23rd Street, Fifth Floor  
New York, New York 10011  
Tel: (646) 966-4770  
Fax: (917) 677-5419

*Attorneys for 3394 3rd Avenue LLC*

Hearing Date: March 7, 2018 at 10:00 a.m.
Objection Deadline: February 28, 2018 at 4:00 p.m.

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 3394 3rd Avenue LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) ) Chapter 13 ) |
| LUSKY E. ABHIVA, | ) Case No. 17-23263 (RDD) ) |
| *Debtor*. | ) ) ) |

**MOTION OF 3394 3rd AVENUE LLC TO DISMISS CHAPTER 13 CASE**
**PURSUANT TO SECTION 109(e) OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

3394 3rd Avenue LLC ("3394 LLC"), by and through its counsel, hereby moves this court (the "Motion"), pursuant to section 109(e) of title 11 of the United States Code (the "Bankruptcy Code"), for an order dismissing this chapter 13 case of the above-captioned debtor (the "Debtor") on the basis that the Debtor is over the chapter 13 secured debt limit.  In support hereof, 3394 LLC respectfully states as follows:

**PRELIMINARY STATEMENT**

1. 3394 LLC holds a final, non-appealable judgment of foreclosure and sale (the "Judgment") against the Debtor in the amount of no less than $342,833.11 as of August 14, 2017, the petition date in this case.  A true and correct copy of the Judgment is annexed to 3394 LLC's proof of claim designated Claim No. 5 in this case.  The Judgment resulted from a defaulted note and first lien mortgage on that certain mixed use commercial investment property

located at 3394 3rd Avenue, Bronx, NY 10456 [Block 2608, Lot 9], one of the Debtor's many properties.

2. Pursuant to section 109(e) of the Bankruptcy Code, a person is eligible to be a chapter 13 debtor if her secured debts are no greater than $1,184,200. The claims register in this case reflects filed secured claims of $1,564,018.57 as of the Petition Date. In fact, the Debtor admitted in Question 20, of Part 6 of her chapter 13 petition that she had between $1,000,000 and $10,000,000 in debt. In Schedule D – "secured claims," the Debtor scheduled over $1,350,000 in secured claims. These filings suggest that the Debtor knew she was ineligible for chapter 13 relief from the outset of this case. The claims register now makes that clear. Accordingly, the Debtor exceeds the permissible debt limit and is not eligible to be a chapter 13 debtor. Therefore, unless the Debtor converts to another chapter for which she is eligible, this case must be dismissed.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicate for this Motion is section 109(e) of the Bankruptcy Code.

## RELIEF REQUESTED

5. 3394 LLC hereby seeks dismissal of this chapter 13 case pursuant to section 109(e) of the Bankruptcy Code on the basis that the Debtor is over the eligibility limit for secured debt.

**Applicable Law**

6. Section 109(e) of the Bankruptcy Code states in relevant part:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent,

- 2 -

> liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 may be a debtor under chapter 13 of this title.

11 U.S.C. §109(e) (with updated limits as set forth in 11 U.S.C. §104).

7. A true and correct copy of the claims register in this case as of January 13, 2018 is attached hereto as Exhibit "A." It reflects prepetition secured debt of $1,564,018.57. Accordingly, the secured debt exceeds the statutory limit by almost $380,000. The Debtor clearly knew this to be true on the petition date since she scheduled secured claims in excess of the statutory limit. She admitted in Question 20 of Part 6 of her chapter 13 petition that she had between $1,000,000 and $10,000,000 in debt. In Schedule D secured claims, she scheduled over $1,350,000 in secured claims. The only scheduled claim checked as 'disputed' was the claim of 3394 LLC, whose claim is based on a final Judgment. Thus, such 'disputed' classification was not made in good faith. In any event, it is now especially clear that the Debtor understated her secured claims because the total secured claims in the case are nearly $380,000 over the limit. Thus, the Debtor is over the limit even if one did not take into account the valid, enforceable, final Judgment of 3394 LLC. In sum, the Debtor's filings suggest that she knew or should have known was ineligible for chapter 13 relief from the outset of this case. The claims register only makes that all the more clear. Accordingly, pursuant to section 109(e), the Debtor is not eligible to be a debtor under chapter 13 of title 11. Therefore, unless the Debtor converts to another chapter where she is eligible, this case must be dismissed.

## NOTICE

8. Notice of this motion has been provided to (a) the Debtor, (b) Debtor's counsel, (c) the Office of the United States Trustee, (d) the chapter 13 trustee, (e) those creditors who are identified in the Debtor's schedules, and (f) those non-moving parties who have filed a notice of

appearance in this case, if any.  3394 LLC asserts that such notice is reasonable and no further notice is required.

## NO PRIOR REQUEST

9. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, for all of the reasons stated herein, 3394 LLC respectfully requests that this Court grant this Motion dismiss this case and grant 3394 LLC such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 14, 2018
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
    Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 3394 3rd Avenue LLC*